Charles **SELIGSON**, as Trustee in Bankruptcy of **IRA Haupt & Co.**, a Limited Partnership, Bankrupt, Plaintiff,

v.

**NEW YORK PRODUCE EXCHANGE et al., Defendants.**

No. 66 Civ. 1016.

United States District Court, S. D. New York.

July 19, 1973.

Weil, Gotshal & Manges, New York City, for plaintiff.

Holtzman, Wise & Shepard, New York City, for D. V. MacDonald.

Baer, Marks, Friedman & Berliner, New York City, for NY Produce.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for Merrill Lynch, Pierce, Fenner & Smith.

Emmet, Marvin & Martin, New York City, for Fahnestock & Co.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Bunge Corp.

Schwarzberg & Kittrell, New York City, for H. B. Anderson.

## OPINION

ROBERT L. CARTER, District Judge.

Defendants have moved to stay this action pending referral to the Commodity Exchange Commission. The case is one of the oldest pending before me, and counsel for plaintiff have estimated that it will be ready for trial on October 1 of this year (letter of Harold Klapper, dated March 16, 1973). In response to an identical motion filed in 1971, Judge Palmieri noted that:

"This action was initiated on April 11, 1966. Its already long procedural history reveals massive discovery and extensive pretrial activity over a period of more than five years. To date, this action has proliferated to such an extent as to require entries filling five and one half sheets of the docket records of this court.

\*     \*     \*     \*     \*     \*

". . . more than five years have elapsed during which the parties have vigorously pursued their preparations for trial and massive accumulations of papers and documents already form a part of the current proceedings. To thrust all this aside *in medias res* to permit administrative intervention would not serve the orderly disposition of this litigation."

The 1971 motion was based primarily on the decision of the Seventh Circuit in

Ricci v. Chicago Mercantile Exchange, 447 F.2d 713 (1971). The *Ricci* complaint alleged that the Chicago Mercantile Exchange had transferred the plaintiff's membership in violation of its rules and the Commodity Exchange Act, and that the transfer was part of an unlawful conspiracy to restrain trade. The Court there held that since the conduct complained of was subject to the jurisdiction of the Commodity Exchange Commission, and since, in its view, the Commission should consider antitrust legislative policies in reviewing the conduct of commodity exchanges, the matter should be first presented to the Commission under the doctrine of primary jurisdiction. Judge Palmieri declined to follow *Ricci*, noting that the view of the dissenting judge was more consonant with his own views, and that

"[a]part from any question of the validity of the *Ricci* view of primary jurisdiction, it is clear that the parties therein did not raise the issue belatedly."

In January of this year the United States Supreme Court, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525 affirmed the Seventh Circuit's decision to refer the *Ricci* matter to the Commodity Exchange Commission, not on the theory that the Commission should weigh the antitrust considerations involved in the litigation, but on the basis of the following three premises:

". . . (1) that it will be essential for the Antitrust Court to determine whether the Commodity Exchange Act or any of its provisions are 'incompatible with the maintenance of an antitrust action,' Silver v. New York Stock Exchange, 373 U.S. [341] at 358, 83 S.Ct. [1246] at 1257, 10 L.Ed. 2d 389; (2) that some facets of the dispute between Ricci and the Exchange are within the statutory jurisdiction of the Commodity Exchange Commission; and (3) that adjudication of that dispute by the Commission promises to be of material aid in resolving the immunity question." 93 S.Ct. at 580.

It is on the strength of this opinion that defendants renew their motion to stay these proceedings.

In discussing the first of its three premises for referral to the Commodity Exchange Commission, the Supreme Court noted that if the challenged membership transfer was made in accordance with a valid Exchange rule:

> "the immediate question for the antitrust court is whether the rule itself and Ricci's exclusion under it are insulated from antitrust attack." (93 S.Ct. at 581)

It is evident, therefore, that the Court based its application of the doctrine of primary jurisdiction on the possibility that conduct alleged as violative of the antitrust laws was authorized by the Commodity Exchange Act and immune, by virtue of that authorization, from antitrust attack. As a consequence, it would appear that where a complaint alleges conduct under color of Commodity Exchange Act authority which is clearly violative of the Act and outside the scope of any authority granted to the defendant exchange members, referral to the Commission would not be, in the language of the Court's third premise, "of material aid in resolving [any] immunity question."

Thus, in Deaktor v. Schreiber Co., 479 F.2d 529 (Phillips v. Chicago Mercantile Exchange, et al.) (decided May 21, 1973), an action which alleged violations of both the Commodity Exchange and the Sherman Acts, the Seventh Circuit upheld the district court's denial of a stay pending Commission referral on the ground that the conduct alleged by Phillips to be violative of the antitrust laws was "in no way arguably protected by the rules of the Chicago Mercantile Exchange or the Commodity Exchange Act" (479 F.2d at p. 535).

Application of the Seventh Circuit's standard is difficult in view of the fact that any complaint alleging a misuse of authority by a commodity exchange and a resultant restraint of trade is likely to appear to fall outside the protection of the Commodity Exchange Act if all of its allegations are taken as true. Indeed, Justice Marshall argued in Ricci, in a dissenting opinion in which Justices Douglas, Stewart and Powell joined, that:

> ". . . petitioner's complaint does not merely allege that he has been excluded from trading or that an Exchange rule has been broken. Rather, he maintains that the Exchange and certain of its members entered a deliberate conspiracy against him and that this was done 'maliciously, wilfully, knowingly, unlawfully, and without cause or provocation, with the unlawful and illegal intent and object of restraining and preventing plaintiff from exercising an essential and necessary part of his lawful trade or business in interstate commerce.' Whatever the legitimate self-regulatory goals of the Chicago Mercantile Exchange, I cannot believe that they include the deliberate and malicious suppression of competition. Surely, the courts do not need the Commodities Exchange Commission to tell them that such conduct is antithetical to the purposes of the Commodities Exchange Act." 93 S.Ct. at 587.

I believe, however, that this case is closer to Phillips than to Ricci and that referral to the Commission is unlikely to be of material aid in resolving this controversy.

The complaint before me alleges a failure, violative of the Commodities Exchange Act, to maintain an orderly market in cotton seed oil futures; a conspiracy, violative of Section 1 of the Sherman Act, to control the market in cotton seed oil futures; and the fraudulent procurement of funds of the bankrupt plaintiff in violation of the Federal Bankruptcy Act. Where Ricci, dealt with the review of a single Exchange decision, made on questionable, but arguably valid, grounds and in a questionable, but arguably authorized manner, the Phillips case and the case at issue here deal with continuing efforts, manifested by a series of acts and failures to

act, to control a market to the benefit of defendants and their coconspirators, and to the detriment of the plaintiff. The thrust of this complaint is not that a restraint of trade occurred in a manner which may have been consistent with the regulatory scheme created under the Commodities Exchange Act, but that the regulatory scheme was intentionally circumvented, and the Act deliberately violated to promote the interests of the defendants.

This case has been in progress for more than seven years and is now ready for trial. Moreover, the complaint, taken as a whole, alleges conduct which is not, in my view, arguably protected by the Commodities Exchange Act. I conclude, therefore, that any doubt as to the applicability of the *Ricci* doctrine must be resolved on the side of allowing the plaintiff his day in court. This proceeding should not be aborted after seven years of intensive litigation to permit further delay in its ultimate resolution by referral to the Commodity Exchange Commission.

The motion is denied.

So ordered.